## ORMAN P. RAY *v.* CLARK A. ROOD.

*Exceptions from the Burlington City Court ; not to be filed with county clerk. Statute of limitations. Verbal promise.*

1. Exceptions from the City Court of Burlington need not be filed with the clerk of the County Court within thirty days from the rendition of judgment in the City Court. It is not decided when, if at all, they should be filed with the clerk of the City Court.

2. A verbal promise made within six years to pay a debt otherwise barred by the statute of limitations is effectual to remove the statute bar, if the evidence of such verbal promise is not objected to by the defendant.

3. It is not determined whether, in case the evidence proving the verbal promise is legally admissible for another purpose, objection must be taken to the effect of it as proving such promise at the time of its admission.

This was an action of book account, brought to the City Court of the city of Burlington. Plea, the general issue, payment, and statute of limitations. Judgment to account and trial by court. Upon the trial the plaintiff presented his itemized account, and the court found that the charges were reasonable, and that the several items accrued at the dates therein specified. It appeared from the account itself that all the items on both sides save one charge, had accrued more than six years before the beginning of this suit. The plaintiff, however, testified that within the six years the defendant had *verbally* promised the plaintiff to pay him the entire amount of the bill. This evidence was received without objection on the part of the defendant, but the defendant did claim that " upon the evidence the entire account was barred by the statute of limitations except the last debit charge of $1, dated March 10, 1883, for writ, *You* v. *Dupaw and Bleau*; and that a judgment could be rendered in favor of the plaintiff for only one dollar, the amount of the said last debit charge."

The exceptions of the defendant were not filed with the county clerk for more than thirty days after the rendition of the judgment by the City Court, and for this cause the plaintiff moved to dismiss them.

*Henry Ballard*, for the defendant.

The parol promises of the defendant do not remove the statute bar. R. L. s. 974.

*O. P. Ray, pro se.*

The charter of the city of Burlington provides that exceptions may be taken from the City Court to the Supreme Court in the same way that they are taken from the County Court to the Supreme Court. In that case the exceptions must be filed with the clerk of the County Court within thirty days or they will be dismissed. R. L. s. 1388; *Small* v. *Haskins*, 29 Vt. 187; *Nixon* v. *Phelps*, 29 Vt. 198 ; *Small, admr.*, v. *Haskins et al.*, 40 Vt. 172 ; *Higbee* v. *Sutton*, 14 Vt. 555.

A promise to settle or adjust a book account will take it out of the statute. *Bliss* v. *Allard*, 49 Vt. 350; *Hunter* v. *Kittridge*, 41 Vt. 359 ; *Prentiss* v. *Stevens*, 38 Vt. 159.

The opinion of the court was delivered by

TAFT, J. I. The motion to dismiss the exceptions because they were not filed with the county clerk until after more than thirty days from the rendition of final judgment in said cause by the City Court, is denied; there is no statute requiring it. At what time they should have been filed with the clerk of the City Court, if at all, is a question not raised by the motion.

II. On the face of the account, some of the items included in the judgment were barred by the statute of limitations. From parol evidence unobjected to, the court found a new promise within six years. The defendant insists that no promise, unless it is in writing, will prevent the running of the statute; that a promise found upon parol evidence has no effect for that purpose.

Ray *v.* Rood.

The words of the statute are, that no acknowledgment or promise shall be held to affect a defense made under the provisions of the chapter relating to the limitation of actions unless such acknowledgment or promise is in writing signed by the party to be charged thereby. The statute requires the promise to be in writing, otherwise it shall not affect the defense, but the promise, if in parol, is not illegal; the statute takes away the right to prove it save by written evidence. If a party permits the promise to be shown by parol evidence he waives the statutory objection and the promise is effective to prevent the operation of the statute.

The defendant's claim, at the bar, that the evidence being admissible to show the validity of the account, in its inception, he was not obliged to except to it, as showing a new promise until argument, we do not consider, as the exceptions do not show that the question was made at any time during the trial, but the reverse appears, as the defendant's claim was that *upon the evidence,* the account, save one item, was barred by the statute. It is too late to raise the question for the first time in this Court.

*Judgment affirmed.*